IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    Plaintiff/Respondent,

          vs.                              Civil Case No. 04-3365-SAC
                                           Criminal Case No. 00-40100-01-SAC

SHAWN MICHAEL GILL,

                    Defendant/Movant.


MEMORANDUM AND ORDER

          The case comes before the court on the defendant's motion to vacate,

set aside or correct sentence under 28 U.S.C. §  2255, (Dk. 40), and motion for

evidentiary hearing (Dk. 41).  The defendant asserts only one ground in support of

his requested relief, that is, the sentencing court violated his Sixth Amendment

rights in enhancing his sentence under the United States Sentencing Guidelines for

possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1).  The defendant denies

ever admitting to the possession of a firearm in the commission of the offenses.  In

effect, the defendant is challenging the legality of his sentence based upon the

Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S. ___, 124 S.

Ct. 2531 (2004).  The government has filed a response opposing the retroactive

application of the *Blakely* decision.  (Dk. 43).  The defendant did not file a reply brief.

**PROCEDURAL HISTORY**

Charged in a four-count indictment with three drug trafficking crimes and a firearm crime, the defendant pleaded guilty in May of 2001 to the three drug trafficking counts.  In the plea agreement, the defendant "stipulate[d] to the applicability of U.S.S.G. § 2D1.1(b)(1)," a two-level enhancement for possession of a dangerous weapon.  The presentence report ("PSR") recommended a guideline sentencing range of 84 to 105 months using a total offense level of 25 (resulting from a base offense level of 26, a two-level firearm enhancement, and a three-level reduction for acceptance of responsibility) and a criminal history category of four.  The defendant's only objection to the PSR was for the addition of 7.1 grams of crack cocaine as relevant conduct.  Because this relevant conduct did not increase the base offense level from that calculated using only the drug amounts alleged in the counts to which the defendant pleaded guilty, the court determined that no ruling on the objection was necessary.  The court sentenced the defendant to 84 months of imprisonment on each count to be served concurrently, and the judgment was filed June 1, 2001.  No appeal was taken from the conviction or sentence.

2

**GENERAL § 2255 STANDARDS**

A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."  *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citation omitted).  When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error, or a fundamental miscarriage of justice if the claim is not considered."  *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also United States v. Frady*, 456 U.S. 152, 167-68 (1982).   "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment."  *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (citation omitted).  Put another way, "[a]n attorney's error provides cause to excuse a procedural default only if the error amounts to constitutionally ineffective assistance of counsel."  *Rogers v. United States*, 91 F.3d 1388, 1391 (10th Cir.

1996) (citations omitted), *cert. denied*, 519 U.S. 1134 (1997).

The court must hold an evidentiary hearing on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995).  The burden is with the defendant to allege facts which, if proven, would entitle him or her to relief.  *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995), *cert. denied*, 517 U.S. 1235 (1996).  "[T]he allegations must be specific and particularized, not general or conclusory."  *Id*. The court finds that a hearing on the defendant's motion is not necessary because the materials already in the record conclusively show that the defendant is not entitled to relief on his claims.  The court denies the defendant's motion for an evidentiary hearing.

## TIMELINESS OF § 2255 MOTION

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255[1] establishes a one-year limitations period for federal

---

[1]The portions of § 2255[¶ 6] relevant here are:
"The limitation period shall run from the latest of–
    (1) the date on which the judgment of conviction becomes final;
.  .  .  .
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

prisoners filing § 2255 motions.  *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).   When a defendant does not pursue a timely appeal to the court of appeals, the conviction and sentence become final and the one-year limitations period begins running upon the expiration of the time for filing the appeal.  *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).  The defendant here filed his § 2255 motion more than two years after the expiration of the limitations period.  The defendant does not advance any allegations that would warrant the application of equitable tolling in this case. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of statute permitted in only rare and exceptional circumstances).  The motion is time-barred unless the defendant has advanced a claim based on a right initially and newly recognized by Supreme Court and made retroactively applicable to cases on direct review.  *See* 28 U.S.C. § 2255 [¶ 6](3) "[E]very circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255 [¶ 6](3)." *Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004) (citing decisions from the Third, Fifth, Seventh, and Eleventh Circuits), *cert. granted*, 125 S. Ct. 607 (2004). For reasons discussed below, the court finds that the defendant's asserted Sixth Amendment right as recognized in *Blakely* is not retroactive.  Thus, the defendant's motion is untimely.

5

**ANALYSIS AND CONCLUSION**

Subsequent to the parties' filings, the Supreme Court issued its decision in *United States v. Booker*, 125 S. Ct. 738, 2005 WL 50108 (Jan. 12, 2005), holding that the principles enunciated in *Blakely* applied to the United States Sentencing Guidelines ("guidelines") making their mandatory enforcement unconstitutional, because the guidelines do not comply with Sixth Amendment requirements. The Court spelled out:

> Accordingly, we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

125 S. Ct. at 756. The Court, however, preserved the guideline sentencing scheme by severing those provisions of the Sentencing Reform Act that made the guidelines mandatory, and consequently, the guidelines are now "effectively advisory," 125 S. Ct. at 757, and the standard of appellate review is no longer *de novo* but reasonableness. As modified, the Act now "requires a sentencing court to consider Guidelines ranges, *see* 18 U.S.C.A. § 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, *see* 3553(a) (Supp. 2004)." *Id*.

The Supreme Court in both *Blakely* and *Booker* held that Sixth

6

Amendment rights are not implicated when a judge sentences based on facts admitted by the defendant. *Booker*, 125 S. Ct. at 755; *Blakely*, 124 S. Ct. at 2537. By his stipulation in the plea agreement, the defendant essentially admitted that the firearm enhancement applied to him, in other words, that he possessed a firearm in connection with the offenses. Using only the amounts of cocaine base to which the defendant admitted in his guilty plea, the court would arrive at the same base offense level of 26 that was used in determining the defendant's guideline sentence. In short, the defendant's sentence did not exceed the maximum authorized by the facts established through the defendant's admission or plea of guilty and, therefore, did not violate any Sixth Amendment right.

Even assuming the defendant had an arguable claim for a Sixth Amendment violation, his motion would be untimely because the Tenth Circuit as well as other circuit courts have rejected all attempts to apply retroactively in § 2255 proceedings the constitutional rights first recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and subsequently extended in both *Blakely* and *Booker*. *See United States v. Leonard*, 2005 WL 139183 (10th Cir. Jan. 24, 2005) (*Blakely* and *Booker* are new rules of criminal procedure that apply "retroactively only to cases pending on direct review or cases that are not yet final."); *United States v. Price*, 118 Fed. Appx. 465, 2004 WL 2905381 (10th Cir. Dec. 16, 2004) (*Blakely* does

"not apply retroactively to cases on collateral review."); *Leonard v. United States*,

383 F.3d 1146, 1148 (10th Cir. 2004) (the Supreme Court has not held that *Blakely*

"is retroactive to cases on collateral review for purposes of granting a second or

successive § 2255 motion"); *United States v. Mora*, 293 F.3d 1213, 1219 (10th

Cir.) (*Apprendi* does not retroactively apply to initial § 2255 motions), *cert. denied*,

537 U.S. 961 (2002); *Varela v. United States*, ___F.3d___, 2005 WL 367095 at

*3-*4 (11th Cir. Feb. 17, 2005) ("*Booker*'s constitutional rule falls squarely under

the category of new rules of criminal procedure that do not apply retroactively to §

2255 cases on collateral review." (citation omitted)); *McReynolds v. United States*,

___F.3d___, 2005 WL 237642 at *2 (7th Cir. Feb. 2, 2005) (*Booker* will not be

applied retroactively to cases in which the conviction and sentences became final

prior to *Booker* being issued); *Green v. United States*, ___F.3d___, 2005 WL

237204  (2nd Cir. Feb. 2, 2005) (neither *Booker* nor *Blakely* apply retroactively to a

second or successive § 2255 proceeding); *In re:  Jerry J. Anderson*, ___F.3d___,

2005 WL 123923 (11th Cir. Jan. 21, 2005) (Supreme Court did not declare *Booker*

retroactive to cases on collateral review).  Indeed, the Supreme Court itself in

*Booker* expressly noted that its holding applied to "all cases on direct review."  125

S. Ct. at 769.

       *Blakely* and *Booker* announce new rules in requiring jury fact-finding

8

under the sentencing guidelines. *Varela*, 2005 WL 367095 at \*3-\*4; *McReynolds*, 2005 WL 237642 at \*2; *Rucker v. United States*, ___F. Supp. 2d___, 2005 WL 331336 at \*4-\*6 (D. Utah Feb. 10, 2005). In support of its statement that the *Booker* holding applied to "all cases on direct review," the Supreme Court cited *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), and included the following parenthetical quotation, "'[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.'" 125 S. Ct. at 769. Thus, the Court considers the *Booker* rule to be "new."

*Blakely* and *Booker* announce procedural, not substantive, rules. *Varela*, 2005 WL 367095 at \*3; *McReynolds*, 2005 WL 237642 at \*1-\*2; *Rucker v. United States*, 2005 WL 331336 at \*7. "Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules . . . ." *Schriro v. Summerlin*, ___U.S.___, 124 S. Ct. 2519, 2523 (2004). "No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced." *McReynolds*, 2005 WL 237642 at \*1. New procedural rules are not applied retroactively unless they fall within the rare class of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the

9

criminal proceeding." *Summerlin*, 124 S. Ct. at 2523. *Blakely* and *Booker* are not

"'watershed' change[s] that fundamentally improve[] the accuracy of the criminal

process." *McReynolds*, 2005 WL 237642 at *2; *see Varela*, 2005 WL 367095 at

*3 ("In *Schriro*, the Supreme Court noted that '[t]he right to jury trial is

fundamental to our system of criminal procedure,' but the Court ultimately held that

*Ring*'s 'jury-not-judge' rule was not a 'watershed rule[] of criminal procedure' to

be applied retroactively." 124 S. Ct. at 2626). Finally, the court sees no persuasive

reason why the Tenth Circuit's analysis and holding in *Mora* on the non-

retroactivity of *Apprendi* should not apply with equal force to *Booker* and *Blakely*

and drive the conclusion that they are not retroactive.

      In conclusion, the court imposed the sentence here without violating

the defendant's Sixth Amendment rights. Even assuming a Sixth Amendment

violation, the defendant did not appeal his conviction or sentence, and his case was

"final" prior to the Supreme Court's decisions in *Blakely* and *Booker*. The rights

established in *Booker* and *Blakely* rules are not retroactively applicable to cases on

collateral review. Thus, the defendant does not advance any grounds entitling him

to relief on his untimely § 2255 motion.

      IT IS THEREFORE ORDERED that defendant's motion to vacate

and correct sentence under 28 U.S.C. § 2255 (Dk. 40) is denied.

IT IS FURTHER ORDERED that the defendant's motion for evidentiary hearing (Dk. 41) is denied.

Dated this 28th day of February, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge